IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **KEVIN VASCONCELLOS, KATHLEEN VASCONCELLOS**, | Civil Case No. 10-757-KI |
| Plaintiffs, | OPINION AND ORDER |
| vs. | |
| **WELLS FARGO HOME LOAN MORTGAGE, INC.**, | |
| Defendant. | |

Kevin Vasconcellos
Kathleen Vasconcellos
16791 SW Sarala Street
Beaverton, Oregon  97007

    Pro Se Plaintiffs

Pilar C. French
Lane Powell, PC
601 SW Second Avenue, Suite 2100
Portland, Oregon  97204-2170

    Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiffs Kevin and Kathleen Vasconcellos, appearing pro se, brought this action by means of an "Original Petition" and a "Petition for Injunction." ("Petitions") They challenge a non-judicial mortgage foreclosure brought against them by Wells Fargo Home Loan Mortgage, Inc. (a misnomer for Wells Fargo Bank, N.A., hereinafter "Wells Fargo") . The petitions appear to assert claims for breach of fiduciary duty, intentional infliction of emotional distress, negligence per se, violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq.  Plaintiffs seek injunctive relief and damages.  Wells Fargo moves to dismiss the complaint under Rules 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

On August 26, 2005, plaintiffs borrowed $257,600 from America's Mortgage Network, executing a promissory note and a trust deed in the property.  The trust deed was recorded on August 31, 2006.  The trust deed was assigned to Wells Fargo on February 26, 2009.  Plaintiffs defaulted January 1, 2009.  On February 24, 2010, Wells Fargo recorded a Notice of Default and Election to Sell.

Plaintiffs filed their petitions in this case on June 30, 2010.  Plaintiffs represent to the court in their Petition for No Answer Default (doc. # 12) that they transmitted a copy of the Original Petition to Wells Fargo's corporate fax machine on July 1, 2010, which is not one of the methods for service of process prescribed by Rule 4 of the Federal Rules.  In their response to this motion, plaintiffs acknowledge that Wells Fargo still has not been properly served, but that "Plaintiff has hired a process server to re-serve the paperwork upon the defendant," and that "[p]roof of service will be filed with the court when it received [sic] by the Plaintiff."  Plaintiffs'

Page 2 - OPINION AND ORDER

Response to Rule 12 Motion ¶ 6.  There is no indication in the record that proof of service on Wells Fargo has been filed.

**STANDARDS**

A motion under Rule 12(b)(1) addresses the court's subject matter jurisdiction.  When deciding a motion under Rule 12(b)(1), the court views the facts alleged to support jurisdiction "favorably."  McNatt v. Apfel 201 F.3d 1084, 1087 (9th Cir. 2000).  A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence.  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

A motion under Rule 12(b)(4) addresses irregularities in the contents of the summons. Chilicky v. Schweiker, 796 F.2d 1131, 1136 (9th Cir. 1986), rev'd on other grounds, 487 U.S. 412 (1988).  Rule 12(b)(5) permits the court to dismiss an action without prejudice if service of process is insufficient.

In general, material outside the pleadings cannot be considered in ruling on a motion to dismiss under Rule 12(b)6), unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." Jacobson v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir. 1995). There are two exceptions to this rule.  First, a court may consider "material which is properly submitted to the court as part of the complaint." Lee v. County. of Los Angeles, 240 F.3d 754, 774 (9th Cir. 2001). A document is not "outside" the complaint if the complaint specifically refers to the document, its authenticity is not questioned, and the plaintiff's complaint necessarily relies on it. Id. at 774. When the plaintiff fails to introduce a pertinent document as part of his pleading, the defendant may introduce the exhibit as part of his motion attacking the pleading.  Cooper v. Pickett, 137 F.3d 616 (9th Cir. 1998).  The second exception is that under Rule 201 of the Federal Rules of

Page 3 - OPINION AND ORDER

Evidence, the court may take judicial notice of "matters of public record." Lee, 240 F.3d at 774. Facts contained in public records are considered appropriate subjects for judicial notice. Santa Monica Food not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 (9th Cir. 2006). Public records proffered by Wells Fargo are the recorded deed of trust, Notice of Default and Election to Sell, and assignment of the deed of trust to Wells Fargo.

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to delineate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, __U.S. __, 129 S. Ct. 1937, 1949 (2009) (same). Facial plausibility requires the allegation of facts that allow the court reasonably to infer that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). The court accepts as true all factual allegations in the complaint, but not conclusory statements or legal conclusions pleaded as allegations of fact. Twombly, 550 U.S. at 555-56. When considering a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations as true. Kahle v. Gonzales, 474 F.3d 665, 667 (9th Cir. 2007). Pro se pleadings are held to a less demanding standard than those drafted by lawyers, so that a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). But a pro se plaintiff's claims must be dismissed when it is beyond doubt that plaintiff is unable to prove facts that would entitle him or her to relief. Barrett v. Belleque, 554 F.3d 1060, 1061 (9th Cir. 2008).

## DISCUSSION

Because subject matter jurisdiction is a threshold issue, in the absence of which the court cannot proceed to hear other issues, see Blackburn v. United States, 100 F.3d 1426 (9th Cir. 1996), the court will first analyze Wells Fargo's motion under Rule 12(b)(1).

I.      Subject matter jurisdiction

Wells Fargo asserts that the court has no subject matter jurisdiction over this case because plaintiffs have made no jurisdictional allegations in the petitions. Federal courts are courts of limited jurisdiction. Unless a grant of jurisdiction over a particular case is affirmatively conferred on a federal court by the United States Constitution and granted by Congress, the court is presumed to lack jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78 (1994). Federal courts have only the authority granted to them by Article III, § 2 cl. 1 of the United States Constitution and grants of jurisdiction contained in statutes enacted by Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). For purposes of this case, federal jurisdiction requires either a federal question, 28 U.S.C. § 1331, or diversity of citizenship and more than $75,000 in controversy. 28 U.S.C. § 1332.

Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint. Ultramar America Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990). However, in addition to examining the literal language of the complaint, the district court must analyze whether jurisdiction would exist under a properly pleaded complaint. Easton v. Crossland Mort. Corp., 114 F.3d 979 (9th Cir. 1997) (per curiam).

The party asserting diversity jurisdiction bears the burden of proof. Kanter v. Warner-Lambert Co., 265 F.3d 853, 858 (9th Cir. 2001). Wells Fargo's 12(b)(1) motion makes no

Page 5 - OPINION AND ORDER

reference to diversity jurisdiction and Wells Fargo has not disclosed to the court its state of incorporation or its principal place of business. Plaintiffs' Petition for Restraining Order alleges that Wells Fargo Home Loan Mortgage Inc.'s address is in Des Moines, Iowa, but does not allege that Iowa is Wells Fargo's state of incorporation or that Des Moines is its principal place of business. If Wells Fargo were incorporated in or operating its principal place of business in Iowa, complete diversity between the parties would exist, but diversity jurisdiction is not apparent on this record.

Plaintiffs' petitions refer to claims arising out of TILA and RESPA in connection with their negligence <u>per se</u> and breach of fiduciary duty claims. Wells Fargo argues that no federal question jurisdiction exists because plaintiffs' TILA claim is barred by the statute of repose, but does not confront the question of whether federal question jurisdiction could arguably exist under RESPA. The court addresses that issue below in the context of Rule 12(b)(6).

Drawing every inference in plaintiffs' favor, and applying the pleading leniency to which <u>pro se</u> litigants are entitled, I conclude that Wells Fargo is not entitled to a dismissal of the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.

II.     <u>Failure to state a claim</u>

Wells Fargo's Rule 12(b)(6) motion is dispositive of all claims in this case.

    A.     <u>TILA claims</u>

Claims for violation of TILA are redressed by rescission and damages. Damages claims are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), and are capped at actual damages plus no more than $4,000 as a statutory penalty. 15 U.S.C. § 1640(a)(1), (2). Rescission claims "expire three years after the date of the consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). Plaintiffs' petitions

Page 6 - OPINION AND ORDER

do not identify how Wells Fargo has allegedly violated TILA.  Wells Fargo asserts that plaintiffs cannot make out claims under TILA because 1) plaintiffs concede that Wells Fargo is an assignee, and as such, is not liable for damages under TILA unless plaintiffs allege that the purported TILA violations were apparent on the face of the disclosure statement;  2) the one-year statute of limitations for a damages claim has expired; and 3) their claimed damages of approximately $4 million are beyond the scope of TILA.

Wells Fargo argues that plaintiffs have also failed to plead sufficient facts to state a claim for rescission under TILA because 1) they have not alleged an ability to tender back the loan amounts they received; and 2) the remedy of rescission is now barred by TILA's three year statute of repose.  15 U.S.C. § 1635(f); 12 C.F.R. § 226.23 (Regulation Z) (right to rescind expires three years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first).  See also  Beach v. Ocwen Federal Bank, 523 U.S. 410, 412  (1998) (section 1635 (f) "completely extinguishes the right of rescission at the end of the 3-year period.")  and Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (same).

As Judge Acosta of this court noted in Bushong v. Paramount Equity Mortg., Inc, No. CV 09-1080-AC at 8 (Findings and Recommendation, May 24, 2010), district courts in the Ninth Circuit are split on the question of whether the ability to tender is a pleading requirement for TILA.  However, I agree with Wells Fargo that plaintiffs cannot state a claim under TILA for either rescission or damages, primarily because even if their petitions properly alleged violations of TILA, such claims are now time-barred.  Plaintiffs executed the promissory note and trust deed on August 26, 2005.  This action was filed on June 30, 2010, almost five years later.  Although damages claims may be equitably tolled "in certain circumstances," plaintiffs have not

Page 7 - OPINION AND ORDER

alleged any actions on the part of Wells Fargo that would have prevented discovery of the alleged TILA violations. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (failure to make required TILA disclosures occurred, if at all, at the time the loan documents were signed, when plaintiffs were in full possession of all information relevant to the discovery of a TILA violation; plaintiffs produced no evidence of undisclosed credit terms, fraudulent concealment, or other action by defendant that prevented plaintiffs from discovering their claim).

    B.    RESPA claims

Plaintiffs' petitions refer to the Good Faith Estimate (GFE) and anti-kickback provisions of RESPA, 12 U.S.C. § 2604, Regulation X, 24 C.F.R. § 3500.7, and 12 U.S.C. § 2607(d), respectively. However, there is no private right of action for a violation of the GFE provisions. See Stewart v. Mortg. Electronic Registration Systems, Inc., 2010 WL 1054384 at *8 (D. Or. Feb. 18, 2010) ,(citing Glover v. Fremont Inv. and Loan, 2009 WL 5114001 at *5 (N.D. Cal. Dec. 18, 2009) and Silvas v. GMAC Mortg., 2009 WL 4573234 at *11 (D. Ariz. Dec. 1, 2009)).

The anti-kickback provision of RESPA is subject to a one year statute of limitations. 12 U.S.C. § 2614; Stewart, 2010 WL 1054384 at *8, (citing Mulato v. WMC Mortg. Corp., 2009 WL 3561536 at *7 (N.D. Cal. October 27, 2009)). Plaintiffs have made no allegations of conduct by Wells Fargo that would support equitable tolling of the statute of limitations.

    C.    Negligence per se

Plaintiffs' negligence per se claims arise out of the allegation that Wells Fargo owed plaintiffs a "duty of care" under TILA and RESPA. Because those claims are not viable, plaintiffs' negligence per se claims cannot stand. Moreover, negligence claims are subject to a two year statute of limitations, which bars plaintiffs' claims. Or. Rev. Stat. § 12.110. And finally, as Wells Fargo argues, in Oregon, negligent liability for purely economic harm must be

Page 8 - OPINION AND ORDER

predicated on some duty beyond the common law duty to exercise reasonable care to prevent foreseeable harm.  Oregon Steel Mills, Inc. v. Coopers & Lybrand, 336 Or. 329, 341, 83 P.3d 322 (2004).  Such a duty may arise from a "special relationship" between some professionals and their clients, but where two parties are negotiating at arm's length to further their own interests, economic losses arising from negligence are not actionable. Uptown Heights Assoc. Ltd. P'ship v. Seafirst Corp., 320 Or. 638, 649-50, 891 P.2d 639 (1994); Stevens v. First Interstate Bank of Calif., 167 Or. App. 280, 999 P.2d 551 (2000).

        D.      Breach of fiduciary duty

This claim is also barred by the two year limitations period. Or. Rev. Stat. § 12.110.  Further, as Wells Fargo points out, as plaintiffs' lender, Wells Fargo did not have a fiduciary duty to plaintiffs. See Uptown Heights, 320 Or. at 650  (parties' arms-length debtor-creditor relationship not fiduciary in nature).

        E.      Fraud

Plaintiffs' fraud claims are also subject to Oregon's two-year limitations period, which commences from discovery.  Or. Rev. Stat. § 12.110 ("an action at law based upon fraud or deceit . . . shall be deemed to commence only from the discovery of the fraud or deceit").  A plaintiff discovers fraud when he or she knew or should have known of it.  Bell v. Benjamin, 232 Or. App. 481, 485, 222 P.3d 741, 744 (2009).  Plaintiffs allege that the originating lender and its agents fraudulently induced them to take out a mortgage they could not afford, but plaintiffs signed the loan documents on August 26, 2005, so fraudulent inducement would necessarily have occurred before August 26, 2005.  Further, as Wells Fargo points out, plaintiffs have not alleged facts that would show how Wells Fargo as assignee is liable for the fraudulent or deceptive acts

of the originating lender or its agents and employees. I conclude, therefore, that plaintiffs' fraud claim is time-barred.

      F.      Breach of the covenant of good faith and fair dealing

Plaintiffs' only allegation against Wells Fargo under this claim is that it breached the covenant of good faith and fair dealing that is implied in every contract by initiating foreclosure proceedings. Wells Fargo argues that because it proceeded pursuant to the express terms of the contract, it is not liable for breach of the covenant. I agree. See Uptown Heights, 320 Or. at 647-48 (party invoking its express contractual right to foreclose after default does not violate its duty of good faith under the contract).

      G.      Intentional infliction of emotional distress

This claim, like plaintiffs' other tort claims, breach of fiduciary duty, fraud, and negligence, is barred by a two-year statute of limitations. Or. Rev. Stat. § 12.110. Further, plaintiffs have not satisfied the pleading requirements for intentional infliction of emotional distress, which requires allegations that the defendant intended to inflict severe emotional distress on plaintiffs or knew such distress was substantially certain to result from its conduct; that defendant's acts caused plaintiffs severe emotional distress; and that defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. See, e.g., McGanty v. Staudenraus, 321 Or. 532, 543, 901 P.2d 841 (1995); Campbell v. Safeway, Inc., 332 F. Supp.2d 1367, 1376 (D. Or. 2004).

///

///

Page 10 - OPINION AND ORDER

## CONCLUSION

Wells Fargo's motion to dismiss (doc. # 12) is GRANTED. The deficiencies in all of plaintiffs' claims cannot be cured by amendment. Accordingly, this action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this _____20th_____ day of September, 2010.

                                           /s/ Garr M. King
                                          Garr M. King
                                          United States District Judge